IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**DARRIUS HEUSER-WHITAKER,**

       Petitioner,

   v.                    **CIVIL ACTION NO. 3:22-CV-222**
                                  Judge Bailey

**WARDEN BROWN,**

       Respondent.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On December 27, 2022, the *pro se* petitioner, Darrius Heuser-Whitaker ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1]. On January 26, 2023, petitioner paid the $5 filing fee. [Doc. 5]. Petitioner is a federal inmate who is housed at FCI Gilmer in Glenville, West Virginia, and is challenging the calculation of his sentence and application of time credits. On February 16, 2023, respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. [Doc. 9]. On March 10, 2023, petitioner filed a response in opposition to the Motion [Doc. 14], and on March 22, 2023, respondent filed a reply [Doc. 16]. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A. For the reasons set forth below, the undersigned recommends that the Motion to Dismiss be granted and the petition be denied and dismissed with prejudice.

1

## II. BACKGROUND[1]

### A. Conviction and Sentence

On December 6, 2018, petitioner was charged in a multi-count indictment in the Eastern District of Virginia. Following a jury trial, petitioner was found guilty of: Count One: conspiracy to interfere with commerce by means of robbery in violation of 18 U.S.C. § 1951(a); Count Four: interference with commerce by means of robbery in violation of 18 U.S.C. §§ 1951(a) and 2; Count Five: brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2; Count Six: attempted interference with commerce by means of robbery in violation of 18 U.S.C. §§ 1951(a) and 2; and Count Seven: discharging and brandishing a firearm during and in relation to a crime of violence in violation to 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. However, on appeal, the Fourth Circuit vacated and remanded in part and affirmed in part: the court vacated petitioner's conviction on Count 7 and affirmed the remainder of his criminal judgment. On remand, the district court resentenced petitioner for Counts One, Four, Five, and Six; petitioner was sentenced to a total term of 168 months imprisonment.

According to the Bureau of Prison's ("BOP") website, petitioner's projected release date, via good conduct time, is January 3, 2031.

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER. *See* **USA v. Doyle et al**, 2:18-CR-00177-RAJ-LRL-4 (E.D. Va. 2018) . **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

B. **The Instant Petition for Habeas Corpus Under § 2241**

In his petition, petitioner alleges that the BOP is refusing to give him credit that is mandated by the Cares Act.  Petitioner elsewhere refers to time credits authorized by Congress under the "First Step Act/Cares Act, for inmates confined during 'Covid' pandemic." [Doc. 1 at 8].  Construing the *pro se* petition broadly, petitioner is presumably seeking application of time credits as set forth in the First Step Act, specifically 18 U.S.C. § 3632(d)(4).  For relief, he asks this Court to order the BOP to apply time credits to his sentence.

### III. LEGAL STANDARDS

A. **Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction.  A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment.  ***Adams v. Bain***, 697 F.2d 1213, 1219 (4th Cir. 1982); ***Mims v. Kemp***, 516 F.2d 21 (4th Cir. 1975).  Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  See ***Materson v. Stokes***, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  See Fed. R. Civ. P. 12(h)(3).

B. **Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' ***Bell Atl. Corp. v. Twombly***, 550 U.S. 554, 570 (2007) (emphasis added)." ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995). In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." ***Id***. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012). "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. ***Id***. at 396–97.

4

**C.    Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." **Anderson**, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." **Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); **Celotex Corp.**, 477 U.S. at 323–25; **Anderson**, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." **Anderson**, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that *pro se* allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed.  **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. ANALYSIS

Without reaching the question of exhaustion, the undersigned finds that petitioner is ineligible to receive time credits under 18 U.S.C. § 3632 and he has therefore failed to state a claim upon which relief can be granted. Under 18 U.S.C. § 3632, a prisoner who successfully completes evidence-based recidivism reduction programming or productive activities shall earn time credits. 18 U.S.C. § 3632(d)(4)(A). However, § 3632(d)(4)(D), "Ineligible Prisoners," a prisoner is ineligible to receive time credits if the prisoner is serving a sentence for a conviction under any of a number of provisions set forth in that section. This includes § 3632(d)(4)(D)(xxii): "Section 924(c), relating to unlawful possession or use of a firearm during and in relation to any crime of violence or drug trafficking crime." As set forth above, petitioner's conviction includes a conviction under 18 U.S.C. § 924(c). Although his § 924(c) conviction in Count Seven was vacated by the Fourth Circuit, he was also convicted under § 924(c) in Count Four, which was affirmed. Accordingly, he is ineligible to receive time credits under § 3632 and his petition should be dismissed for failure to state a claim.

Respondent correctly points out that this Court has the authority to order the revocation of good time credit earned under 18 U.S.C. § 3624(b) in the event that a civil action brought by an adult confined in a Federal correctional facility testifies falsely or otherwise knowingly presents false evidence or information to the Court. [Doc. 10 at 7] (citing 28 U.S.C. § 1932). However, the undersigned declines to recommend such a revocation in this case.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 9**] be

**GRANTED** and that the petition [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

The petitioner shall have **fourteen (14) days** from the date of service of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is further directed to mail a copy of this Report and Recommendation to the petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: April 6, 2023.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE